UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IDA GONZALEZ )<br>   Plaintiff )<br>          )<br>vs.       )<br>           )<br>MALCOLM S. GERALD & )<br>ASSOCIATES, INC. )<br>   Defendant )| ECF CASE<br><br>Case No. 1:10-cv-09456-PGG<br><br>CIVIL COMPLAINT<br><br>JURY TRIAL DEMANDED |

### COMPLAINT AND JURY DEMAND

**COMES NOW**, Plaintiff, Ida Gonzalez, by and through her undersigned counsel, Bruce Warren, Esquire of Warren & Vullings, LLP, complaining of Defendant, and respectfully avers as follows:

### I. INTRODUCTORY STATEMENT

1. Plaintiff, Ida Gonzalez, is an adult natural person and brings this action for actual and statutory damages and other relief against Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

### II. JURISDICTION

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337.

3. Venue in this District is proper in that the Plaintiff resides in this District.

## III. PARTIES

4. Plaintiff, Ida Gonzalez, is an adult natural person residing at 1406 Towsend Avenue, Apt 37, Bronx NY. At all times material and relevant hereto, Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a (2).

5. Defendant, Malcolm S. Gerald & Associates, Inc. ("Defendant"), at all times relevant hereto, is and was a corporation engaged in the business of collecting debt within the state of New York with its principal place of business located at 332 S. Michigan Avenue, Ste. 514, Chicago, Illinois 60604-4434.

6. Defendant is engaged in the collection of debts from consumers using the telephone and mail. Defendant regularly attempts to collect consumer debts alleged to be due to another. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

## IV. FACTUAL ALLEGATIONS

7. In the beginning of May, 2010, Plaintiff started receiving collection calls from Defendant regarding a debt allegedly owed on a Sam's Club account.

8. Plaintiff was informed by Defendant that she owed approximately $556.00.

9. Defendant placed at least forty (40) calls to her home in three (3) weeks time.

10. Some of Defendant's collection calls came in prior to 8:00 am.

11. Defendant is not licensed as a debt collector by the New York City Department of Consumer Affairs under the New York City Administrative Code.

12. At this time, Plaintiff informed the Defendant that she had retained the services of a personal attorney to help aid her in her debt settlement and that they would need to call and speak with them directly.

13. Defendant took Plaintiff's attorney contact information.

14. Defendant continued to call the Plaintiff.

15. Plaintiff offered the Defendant the contact information for her attorney each time she received another call.

16. During the early part of June, 2010, Plaintiff was told by Defendant that they would remove her from their call list and not call her again.

17. However, calls continued throughout the month of June, 2010 from the Defendant.

19. On or about June 21, 2010, Defendant called the Plaintiff at 8:47 am looking for payment on the above account from the number #312-922-6500.

20. On that same day, June 21, 2010, Plaintiff received two more calls from the Defendant at 9:51 am and 3:14 pm, looking for payment arrangements on this account from the number #847-586-4295.

21. On or about June 22, 2010, Plaintiff's attorney sent a "cease and desist" letter to the Defendant reminding them in writing that they were representing the Plaintiff and there should be no further direct contact with the Plaintiff.

22. On or about June 23, 2010, Plaintiff received yet another call from the Defendant despite the knowledge that Plaintiff was represented by an attorney.

23. On or about June 25, 2010, Defendant called Plaintiff and stated that it didn't matter that the Plaintiff had an attorney and she was still responsible to pay her debt with them.

24. As of the filing of this complaint, Plaintiff continues to receive calls collecting on the above referenced account.

25. Defendant at no time sent Plaintiff anything in writing on this account.

26. The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendant's unlawful conduct.

27. As a direct consequence of the Defendant's acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, emotional distress, fear, frustration and embarrassment.

28. The Defendant's conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable.

29. The Defendant acted in a false, deceptive, misleading and unfair manner when they engaged in conduct the natural consequence of which is to harass, oppress or abuse such person in connection with the collection of a debt.

30. The Defendant knew or should have known that their actions violated the FDCPA. Additionally, Defendant could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

31. At all times pertinent hereto, Defendant was acting by and through it agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendant herein.

32. At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

33. As a result of Defendant's conduct, Plaintiff has sustained actual damages, including, but not limited to, injury to Plaintiff's reputation, invasion of privacy, damage to Plaintiff's credit, out-of-pocket expenses, physical, emotional and mental pain and anguish and pecuniary loss and she will continue to suffer same for an indefinite time in the future, all to her great detriment and loss.

## COUNT I – FDCPA

34. The above paragraphs are hereby incorporated herein by reference.

35. At all times relevant hereto, Defendant was attempting to collect an alleged debt which was incurred by Plaintiff for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

36. The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of:

      §§ 1692c(a)(1)    At any unusual time, unusual place, or unusual time and place known to be inconvenient

      §§ 1692c(a)(2)    After it knows the consumer to be represented by an attorney unless attorney consents or is unresponsive

| | | |
|---|---|---|
| §§ 1692c(c) | | After written notification that consumer refuses to pay debt, or that consumer wants collector to cease communication |
| §§ 1692d | | Any conduct the natural consequence of which is to harass, oppress or abuse any person |
| §§ 1692d(5) | | Caused the phone to ring or engaged any person in telephone conversations repeatedly |
| §§ 1692e | | Any other false, deceptive, or misleading representation or means in connection with the debt collection |
| §§ 1692e(10) | | Any false representation or deceptive means to collect a debt or obtain information about a consumer |
| §§ 1692f | | Any unfair or unconscionable means to collect or attempt to collect the alleged debt |
| §§ 1692g | | Failure to send consumer 30-day validation notice within five (5) days of the initial communication |

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant, Malcolm S. Gerald & Associates, Inc., for the following:

a. Actual damages;

b. Statutory damages pursuant to 15 U.S.C. § 1692k;

c. Reasonable attorney's fees and litigation expenses, plus costs of suit; and

d.  Such additional and further relief as may be appropriate or that the interests of justice require.

## COUNT II

### Violations of New York General Business Law §349

37. Plaintiff hereby restates realleges and incorporates herein by reference all foregoing paragraphs as if set forth fully in this count.

38. Under New York General Business Law §349, deceptive acts or practices in the conduct of any business conducted in the State of New York are unlawful.

39. GBL §349 provides in relevant part as follows:

(a) Deceptive acts or practices in the conduct of any business, trade or commerce or in the furnishings of any service in this state are hereby declared unlawful

(g) This section shall apply to all deceptive acts or practices declared to be unlawful, whether or not subject to any other law of this state, and shall not supersede, amend or repeal any other law of this state under which the attorney general is authorized to take any action or conduct any inquiry

(h) In addition to the right of action granted to the attorney general pursuant to this section, any person who has been injured by reason of any violation of this section may bring an action in his own name to enjoin such unlawful act or practice, an action to recover her actual damages or fifty dollars whichever is greater, or both such actions. The court may, in discretion, increase the award of

damages to an amount not to exceed three times the actual damages up to one thousand dollars, if the court finds the Defendant willfully or knowingly violated this section. The court may award reasonable attorney's fees to a prevailing Plaintiff.

40. As a direct and proximate result of Defendant's deceptive acts and practices, committed in violation of GBL §349, Plaintiff was damaged in that she, among other things, suffered stress and anxiety as a result of the practices and actions of the Defendant.

**WHEREFORE**, Plaintiff prays this Honorable Court enter judgment in their favor and against Defendant, and Order the following relief:

a. Actual damages;

b. Statutory damages pursuant to 15 U.S.C. § 1692k;

c. Reasonable attorney's fees and litigation expenses, plus costs of suit; and

d. Such additional and further relief as may be appropriate or that the interests of justice require.

## COUNT III

### Violations of New York General Business Law §601

41. Plaintiff hereby restates realleges and incorporates herein by reference all foregoing paragraphs as if set forth fully in this count.

42. Under New York General Business Law §601, deceptive acts or practices in the conduct of any business conducted in the State of New York are unlawful.

43. GBL §601 provides in relevant part as follows:

  (a) Communicate with the debtor or any member of his family or household with such frequency or at such unusual hours or on in such a manner that can reasonably be expected to abuse or harass the debtor.

**WHEREFORE**, Plaintiff prays this Honorable Court enter judgment in their favor and against Defendant, and Order the following relief:

 a. Actual damages;

 b. Statutory damages pursuant to 15 U.S.C. § 1692k;

 c. Reasonable attorney's fees and litigation expenses, plus costs of suit; and

 d. Such additional and further relief as may be appropriate or that the interests of justice require.

### COUNT IV

### Violation of New York City Code § 20-490

### License Required

44. It shall be unlawful for any person to act as a debt collection agency without first having obtained a license in accordance with the provisions of this subchapter, and without first being in compliance with all other applicable law, rules and regulations.

**WHEREFORE**, Plaintiff prays this Honorable Court enter judgment in their favor and against Defendant, and Order the following relief:

 a. Actual damages;

 b. Statutory damages pursuant to 15 U.S.C. § 1692k;

 c. Reasonable attorney's fees and litigation expenses, plus costs of suit; and

  d.  Such additional and further relief as may be appropriate or that the interests of justice require.

### V. JURY DEMAND

Plaintiff hereby demands a jury trial as to all issues herein.

            Respectfully submitted,

            WARREN & VULLINGS, LLP

Date: December 6, 2010    BY: _____
            Bruce K. Warren, Esquire

Warren & Vullings, LLP
1603 Rhawn Street
Philadelphia, PA 19111
215-745-9800   Fax 215-745-7880
Attorney for Plaintiff